[No. 8,382.  Department Two.—February 2, 1885.]

WILLIAM JAY SMITH, RESPONDENT, v. WOODVILLE
CONSOLIDATED SILVER MINING CO., APPELLANT.

CORPORATION—CONTRACT FOR SALARY—RESOLUTION OF DIRECTORS—EVI-
DENCE.—A resolution of the board of directors of a corporation, re-
citing that the salary of its president was fixed at a certain amount during
the preceding year, is an admission that the salary was so fixed, and is com-
petent evidence of the fact. But such resolution is not evidence of a con-
tract for a salary prior to that time.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The action was brought to recover an amount of money alleged to be due the plaintiff, for services performed by him as president of the defendant. On the trial, the plaintiff introduced in evidence a resolution of the board of directors of the defendant, passed on May 7, 1877, which recited that " the salaries of the officers of this company be, and the same are hereby, fixed at the rates allowed the past year, namely : president, $150 per month " * * * The further facts are sufficiently stated in the opinion of the Court.

*Lloyd & Wood,* for Appellant.

*G. F. & W. H. Sharp,* for Respondent.

THORNTON, J.—The resolution of May 7, 1877, is evidence that the president's salary was fixed by contract at $150 per month from the first of May, 1876, until the fourteenth of December, 1877, when it was fixed at $50 per month. We find no evidence that the resolution of May 7, 1877, stating that the salary of president was $150 for the preceding year, was untrue. It may be true, though no resolution can be found in the minutes of the board fixing the salary at that sum. It may have been so fixed, and no entry of it made in the minutes. The above resolution is an admission by the board of directors, which was competent to make it, that the salary was so fixed. It seems to us that the court below has fallen into an error in the computation which appears in the findings, allowing the plaintiff any salary for any portion of time exceeding one year prior to May 1, 1877. It seems to us that the past year, alluded to in the resolution above referred to, commenced on May 1, 1876. The first year did not commence before the date last named, and the admission in the resolution is no evidence of a contract for a salary prior to that time. But this error, if any, is immaterial; as the payments could be and were properly applied to the salary earned prior to the thirty-first of March, 1877, which exceeded the payments, and this excess was held barred by the

statute of limitations.   Whether this portion of the claim is barred or not, we say nothing.   As the plaintiff does not appeal, the question is not before us.   We find no material error, and the judgment and order are affirmed.   Ordered accordingly.

SHARPSTEIN, J., and MYRICK, J., concurred.